**ASTRO LIMOUSINE SERVICE, INC., Plaintiff,**

v.

**HILLSBOROUGH COUNTY AVIATION AUTHORITY, et. al., Defendants.**

No. 84–1219–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

June 18, 1985.

Joel Tew and Perry Newson, Clearwater, Fla., for plaintiff.

Lynn Hamilton Cole, Larry M. Segal, Claude H. Tison, Jr., Tampa, Fla., for defendants.

**ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DAMAGES, INTEREST, COSTS, OR FEES UNDER SECTION 4 OF THE CLAYTON ACT**

KOVACHEVICH, District Judge.

This cause is before this Court on Defendant's, Hillsborough County Aviation

Authority, renewed motion to dismiss or strike Counts I, II, IV, and V. Oral hearing on the motion was held May 16, 1985.

In this action, the Defendants maintain two distinct bases for the granting of their motion. Defendants claim that due to the passage of the Local Government Anti-Trust Act of 1984, on September 24, 1984, some 17 days prior to the filing of this complaint, it is inequitable to allow the damages, fees, and costs in this action where the complaint was filed only a few days before it would have been irreversibly barred by this Statute. Furthermore, Defendants maintain that pursuant to the Supreme Court's recent decision in *Town of Hallie, et. al. v. City of Eau Claire*, 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985), Hillsborough County Aviation Authority's anti-competitive activities are protected by the State Action Exemption set forth in *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) when the activities are authorized but not compelled and are not supervised by the State.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

Plaintiffs contend that the clear language of the Local Government Anti-Trust Act of 1984 precludes retroactive application. Furthermore, Plaintiffs allege that a motion to dismiss cannot be maintained until these Defendants clearly and factually sustain their burden in demonstrating any such retroactive application.

Plaintiffs contend further that *Town of Hallie* did not determine the issue of whether a state agency should be required to show active state supervision, and Defendant, Hillsborough County Aviation Authority, has not met their burden on this issue. Plaintiffs also contend their conspir-acy allegations remove Defendant from the ambit of any anti-trust immunity.

In *Town of Hallie*, the Supreme Court addressed the question of whether a municipality's anti-competitive activities are protected by the State Action Exemption to the Federal Anti-Trust Laws established by *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) when the activities are authorized, but not compelled, by this State, and the State does not actively supervise the anti-competitive conduct. The Supreme Court held that a municipality must demonstrate that it is engaging in the challenged activity pursuant to a "clearly articulated" state policy. To pass this "clear articulation" test, the State Legislature need not expressly state in a statute or the legislative history, that it intends for the delegated action to have anti-competitive effects. Also, the "clear articulation" requirement of the state action test, does not require that respondents show that the state "compelled" it to act. Although compulsion affirmatively expressed may be the best evidence of state policy, it is by no means a prerequisite to a finding that a municipality acted pursuant to clearly articulated policy. Furthermore, the Supreme Court held that active state supervision of anti-competitive conduct is not a prerequisite to exemption from the anti-trust laws where the actor is a municipality rather than a private party. The Supreme Court did not reach the issue of whether a state agency would or would not be required to demonstrate active state supervision.

In this action, Defendant Hillsborough County Aviation Authority is a public governmental body created by the laws of the State of Florida, is located in Hillsborough County Florida, and exercises the function of operating the Tampa International Airport. The Authority is given certain powers in connection with the operation of this airport as delineated in Chapter 83–424, *Laws of Florida*, Part II, Section 2.03, 2.07, and 2.19(g). This grant of legislative authority is broad and includes all aspects regarding the operation of the airports and

that to do so, the authority must enter into exclusive and limited agreements with various operators. Based on this Court's reading of *Town of Hallie*, as applied to Hillsborough County Aviation Authority, the authority is engaging in the challenged activity pursuant to a "clearly articulated" state policy, and the intent of the legislation is that the delegated actions of the authority will have anti-competitive effects.

Yet, Defendant Hillsborough County Aviation Authority is a public corporate body created by a special act of the legislature, rather than a municipality as addressed in *City of Hallie*. *See Town of Hallie*, 471 U.S. at 46 n. 10, 105 S.Ct. at 1720 n. 10. There are material questions of fact as to whether or not active state supervision should be required of such public governmental bodys. *Town of Hallie* did not reach this issue. These issues of material fact, as to whether Hillsborough County Aviation Authority should be required to show active state supervision preclude dismissal. Also, factual issues remain pertaining to whether HCAA has participated in a conspiracy and if so, whether such conduct falls outside the state action immunity. Accordingly, it is

ORDERED that Defendant Hillsborough County Aviation Authority's motion to dismiss is denied.

### ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS COUNTS I, II, IV AND V

It is ordered that the private party Defendant, The Limo, Inc., renewed motion to dismiss is denied since The Limo, Inc., Defendant has failed to meet the active state supervision requirement as required under *Town of Hallie, et al., v. City of Eau Claire*, [Case No. 82–1832, March 27, 1985]; *Southern Motor Carriers Rate Conference v. United States*, [Case No. 82–1922, March 27, 1985]. This Court adopts and incorporates by reference this Court's Order denying Defendant's, HCAA, renewed motion to dismiss.